[Cite as *Hoag v. Stewart*, 2014-Ohio-4090.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100951**

# ELIZABETH A. HOAG

PLAINTIFF-APPELLEE

vs.

# SCOTT STEWART

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-12-342739

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEY FOR APPELLANT**

Bridgette D. Pozzuto
Urban & Pozzuto, L.L.C.
55 Public Square
Suite 2001
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Carl A. Murway
Taft, Stettinius & Hollister, L.L.P.
200 Public Square
Suite 3500
Cleveland, OH    44114

John D. Zoller
Zoller & Biacsi Co., L.P.A.
3611 Prospect Avenue East
Cleveland, OH    44115

SEAN C. GALLAGHER, J.:

{¶1} Defendant Scott A. Stewart appeals from the judgment entry of divorce issued by the trial court, challenging several discovery and other pretrial issues, the equitable distribution of marital assets, and an award of attorney fees. For the following reasons, we affirm.

{¶2} Stewart married Elizabeth A. Hoag on May 17, 2003. The couple had two children during their marriage. Hoag filed for divorce on July 11, 2012. Thereafter, the couple entered into a shared parenting plan, and stipulated to the value of their personal vehicles and the marital residence. The parties limited their discussion of the facts to only those related to the assigned errors. We shall do the same.

{¶3} Stewart appeals the final entry of divorce, advancing 17 assigned errors. Our review is hampered by the fact that Stewart included few citations to authority or the standards of review, in violation of App.R. 16(A)(7). The few citations included are blanket recitations of black letter law without any accompanying analysis linking the law to the facts of the case. Nevertheless and for the sake of simplicity, Stewart's arguments will be combined where appropriate, and addressed in the most logical order.

{¶4} In his first, second, and third assignments of error, Stewart challenges several pretrial discovery and evidentiary rulings. We find no merit to the first three assignments of error.

{¶5} A trial court enjoys broad discretion in the regulation of discovery matters. *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d

952, ¶ 27.   A trial court's decision in a discovery matter normally is reviewed for an abuse of discretion.   *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.   Similarly, the admission of evidence lies within the broad discretion of the trial court.   *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, ¶ 20.

{¶6} Stewart complains the trial court abused its discretion by extending discovery deadlines and by precluding his own testimony demonstrating the cost to repair the marital home and his expert's testimony regarding the valuation of Stewart's consulting business.   The trial court excluded the former because Stewart's testimony violated the rule against hearsay, and the latter because the expert's report was produced untimely. The expert's testimony was meant to establish an alternate valuation of Stewart's consulting business to contrast with Hoag's expert's opinion of the same.   Stewart's testimony was meant to demonstrate the true value of the marital home for the purposes of equitably dividing the parties' marital assets.

{¶7} Stewart has failed to demonstrate any abuse of discretion.   In this case, the trial court afforded all parties a lenient discovery period by extending the discovery deadlines until the final pretrial conference, corresponding to the ever-shifting trial date. For example, the trial court granted Stewart's motion to compel discovery filed on October 4, 2013, despite being filed outside the court's discovery deadline.   The final pretrial conference occurred on August 27, 2013.   Stewart, as the beneficiary of such leniency, can hardly claim the court abused its discretion by disregarding the original

discovery deadlines. Stewart failed to produce his expert report within those lenient discovery deadlines, delaying production until less than a month before the November 4, 2013 trial. Hoag produced her expert report on July 11, 2013, before the final pretrial conference and within the discovery deadlines, with the exception of one document the court also excluded, at Stewart's urging, for being produced after the discovery deadlines. The trial court applied the same rationale to Stewart's expert and, further, allowed Stewart's expert to present rebuttal evidence of the business's valuation, but deemed the expert incredible. Stewart has not demonstrated any abuse of discretion.

{¶8} Finally, with respect to the trial court's exclusion of Stewart's statements regarding any cost of repair to the marital home, Stewart attempted to substantiate the repair cost with a contractor's proposal, in violation of Evid.R. 802. The contractor did not testify. Stewart offered no argument in support of the admissibility of the contractor's estimate presented through Stewart's testimony. The trial court rightfully excluded the document because it contained hearsay. Accordingly, we overrule Stewart's first three assignments of error. The court did not abuse its discretion in excluding Stewart's evidence or imposing discovery deadlines on both parties.

{¶9} In his fourth, fifth, seventh, and ninth assignments of error, Stewart claims the trial court's allocation and valuation of marital assets was against the manifest weight of the evidence. We find no merit to any of these assigned errors.

{¶10} "The trial court's valuation of an asset in a divorce case is a question of fact reviewed under a manifest weight of the evidence standard." *Rossi v. Rossi*, 8th Dist.

Cuyahoga Nos. 100133 and 100144, 2014-Ohio-1832, ¶ 17, citing *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 24. A trial court's valuation of an asset will not be overturned if it is supported by some competent, credible evidence. *Id.*, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984), and *Haynes v. Haynes*, 8th Dist. Cuyahoga No. 92224, 2009-Ohio-5360.

{¶11} Stewart advances several arguments attacking the trial court's ultimate valuation of several assets.[1] He primarily claims that the court erred in determining the value of his business based on "more than one obvious" mistake made by Hoag's expert. Stewart does not support that statement with any evidence from the record, instead claiming his expert explained the mistakes. This is simply an issue of credibility between competing experts. "In determining a business's value, the trial court has discretion to weigh the testimony offered by the parties' valuation experts." *Brown v. Brown*, 8th Dist. Cuyahoga No. 100499, 2014-Ohio-2402, ¶ 32, citing *Gentile v. Gentile*, 8th Dist. Cuyahoga No. 97971, 2013-Ohio-1338, ¶ 62, and *Bryan v. Bryan*, 8th Dist. Cuyahoga No. 97817, 2012-Ohio-3691. The trial court is not required to adopt any particular methodology in determining a business's value. *Id.*

---

[1]Stewart also claims that the trial court's finding that debts arising from the parties' 2011 federal and state taxes were marital property and certain findings relevant to the spousal support determination were not supported by the evidence. Most of Stewart's issues seem to revolve around his conclusion that the trial court's findings were "irrelevant to its conclusion, inflammatory, unnecessarily contentious, and reflect a prejudicial attitude against Stewart." Such an argument is well outside the scope of our manifest weight of the evidence review and is disregarded, a conclusion underscored by the fact that the argument was not supported with citations to authority as required by App.R. 16(A)(7).

{¶12} Stewart offered no reason to value his expert's opinion over that of Hoag's expert. Hoag provided credible evidence substantiating the trial court's valuation of Stewart's business, and thus, the finding was not against the manifest weight of the evidence. The trial court stated Hoag's expert was credible, and nothing in the record demonstrates otherwise. Accordingly, we overrule Stewart's fourth, fifth, seventh, and ninth assignments of error.

{¶13} In his sixth, eighth, and thirteenth assignments of error, Stewart claims that the trial court considered both the value of his business and the income he derived from it in determining spousal support. He also takes issue with the trial court's valuation of Hoag's retirement plan. According to Stewart, the trial court used the cash value instead of the present value. Stewart also claims the trial court miswrote the divorce decree by including a clause terminating the spousal support payment only upon Hoag's cohabitation, rather than marriage. The record does not support any of Stewart's conclusions. The trial court only considered Stewart's income for the purposes of determining spousal support; the trial court indicated that the parties stipulated to the value of Hoag's retirement plan; and from the record provided, there is no indication that the termination of spousal support upon cohabitation was a scrivener's error. We summarily overrule Stewart's sixth, eighth, and thirteenth assignments of error.

{¶14} In his tenth, eleventh, twelfth, and seventeenth assignments of error, Stewart claims the trial court erred by converting the lump sum payment reflecting Hoag's allocated portion of the marital assets and Hoag's award of attorney fees into monthly

obligations and by awarding Hoag spousal support. Stewart's monthly obligation totals $6,083 per month when all payments commence and overlap. Stewart claims his $80,000 stated income is insufficient to finance the monthly payments irrespective of his own living expenses. The $6,083 monthly obligation is comprised of $783 in child support, $1,250 in spousal support for three years, $50 for child support arrearage, $2,000 for the amount owed to equalize the property division ($67,095 in total), and $2,000 for the amount awarded to Hoag in attorney and expert fees ($12,000 in total).

{¶15} Stewart does not challenge the award of spousal support other than to "take issue" with 7 of the trial court's 19 findings — correlating to the statutory factors — in support of the spousal support determination. "In determining whether spousal support is appropriate and reasonable, the trial court must consider the factors set forth in R.C. 3105.18(C)(1)." *Brown*, 8th Dist. Cuyahoga No. 100499, 2014-Ohio-2402, ¶ 38, citing *Kaletta v. Kaletta*, 8th Dist. Cuyahoga No. 98821, 2013-Ohio-1667, ¶ 22. The trial court dutifully considered all the enumerated factors, and therefore, we find no merit to any argument regarding the validity of the spousal support obligation. Stewart did not otherwise challenge the spousal support award, other than to claim that some of the several findings were not supported by the record. Even if true, the other findings supported the trial court's conclusion, and Stewart provided no reason to give greater weight to the disputed findings.

{¶16} It is further undisputed that Stewart owes the child support and arrearage, and he has not advanced any error with the court's equalization of the marital property allocation through a lump sum payment.

{¶17} This leaves the $12,000 bill for Hoag's attorney fees that Stewart was ordered to pay. On that issue, we briefly digress to address Stewart's sixteenth assignment of error, in which he claims the trial court erred by awarding Hoag attorney and expert witnesses' fees because of Stewart's conduct throughout the discovery period.

{¶18} "In an action for divorce * * * a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(A). The trial court's decision to grant attorney fees in a divorce action is reviewed under the abuse of discretion standard. *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 26. Stewart claims the trial court abused its discretion in ordering him to partially pay Hoag's attorney fees because Stewart was forced to file a motion to compel discovery after the expiration of the discovery deadline. Whether he filed a motion to compel, however, is nonresponsive to the trial court's conclusion that he delayed the discovery process. We cannot logically conclude from the fact that Stewart filed a single motion to compel after the discovery deadline that his conduct during discovery was not otherwise dilatory.

{¶19} He further claims he is unable to pay in light of his limited yearly income. The ability to pay an award of attorney fees, however, is not limited to considering the

party's yearly income alone. The trial court has the authority to review all relevant factors, including the parties' marital assets and income, in determining to enter an award for all or part of the opposing party's attorney fees in a divorce action. R.C. 3105.73(A). Because Stewart limited his analysis to his yearly income without addressing his ability to pay based on his overall financial position, we must overrule Stewart's sixteenth assignment of error, which necessarily impacts our resolution of his tenth, eleventh, twelfth, and seventeenth assignments of error.

{¶20} Stewart's only remaining contention is with the court's decision to provide a payment plan for the equitable distribution of property and award of attorney fees. The fact that his spousal and child support obligations combined with the monthly obligation arising from the property equalization and the award for attorney fees may exceed his stated monthly income, in and of itself, is not a basis to overturn the properly awarded child and spousal support payments. Stewart has not cited any basis in the law to so conclude. Unlike the spousal and child support obligations, the equalization of marital property and attorney fees awards, comprising approximately two-thirds of the total obligation challenged, must be considered in respect to his overall financial position, not just his monthly income. Stewart's argument focused on his monthly income without any discussion of his overall financial situation. We accordingly overrule his tenth, eleventh, twelfth, and seventeenth assignments of error.

{¶21} In his fourteenth assignment of error, Stewart claims the trial court erred by designating his business account as the account for the withholding or deduction notice

for all future child support payments. We decline to address this assignment of error because Stewart has not included any citation to relevant authority as required by App.R. 16(A)(7). *Thornhill v. Thornhill*, 8th Dist. Cuyahoga No. 92913, 2009-Ohio-5569, ¶ 11.

**{¶22}** Finally, in his fifteenth assignment of error, Stewart claims the trial court erred by awarding the income tax deductions for the minor children to Hoag in light of the fact that the parties stipulated to share the exemptions. We find Stewart's argument to be disingenuous at best. Stewart claims the parties agreed to share the exemptions for their two children in the shared parenting plan. In reviewing the agreement, however, the parties specifically agreed to share the exemptions subject to further order by the trial court. The trial court subsequently allocated the exemptions to Hoag. There was not a permanent agreement between the parties to divide the exemptions. We overrule Stewart's fifteenth and final assignment of error.

**{¶23}** The decision of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR